GABE ROSEN *vs.* INDIANA FLOORING COMPANY & another.

Suffolk. December 2, 1921. — March 2, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Performance and breach. *Equity Jurisdiction,* Specific performance.

A contract in writing between a judgment creditor and the judgment debtor, providing that, if within two months the judgment debtor "proves his ability to carry through a compromise or composition with his creditors," the judgment creditor "will unite with the other creditors in such compromise or composition," means that, to entitle himself to performance by the judgment creditor through a compromise, the judgment debtor must effect a compromise with all his creditors and not with some of them or with a majority of them.

In a suit in equity by the judgment debtor against the judgment creditor to enforce the contract above described, the following facts appeared: Four days before the expiration of the two months, the plaintiff presented to the defendant's attorney a paper, purporting to be signed by all the plaintiff's unsecured creditors except the defendant and one other, and his affidavit that he had no other

creditors except such signers, mortgage creditors, the defendant and the other creditor, whose claim he disputed, and that all the signers had agreed in writing to a compromise of fifteen per cent of his indebtedness to them. A corporation, whose name was not signed to the agreement, previous to the presentation of the affidavit to the defendant's attorney had brought an action against the plaintiff in which an attachment of the plaintiff's property had been made. This claim had been compromised and assigned to a cousin by marriage of the plaintiff, but none of these facts were disclosed to the defendant or his attorney. The other creditor, whose name was not signed to the agreement of compromise because the plaintiff disputed the claim, had brought suit against the plaintiff and had attached his property, and the plaintiff had given a bond to dissolve that attachment. The existence of the bond was not disclosed to the defendant or his attorney. The plaintiff had employed an agent to purchase a claim of a creditor for fifteen per cent of its face, agreeing to repay the agent what he spent in so doing. The purchase was made and the claim was assigned to the agent, who then was paid all his disbursements by the plaintiff. The agent signed the agreement of compromise as a creditor in the full amount of his assignor's claim. Although the plaintiff had accounts in several banks, his true financial condition was unascertainable and it was impossible to determine whether the offer of compromise was just, fair and reasonable. *Held*, that it could not be ruled as a matter of law that the plaintiff had proved to the defendant, acting reasonably, his ability to compromise with all of his creditors or that he had acted honestly and in good faith in his representations to the defendant; and that a decree dismissing the bill was warranted.

BILL IN EQUITY, filed in the Superior Court on August 20, 1919, against Indiana Flooring Company, a corporation, and Samuel D. Elmore, alleged to be its attorney, seeking to restrain the defendants from taking out an execution upon a judgment, entered for the defendant corporation against the defendant, from attempting to enforce that judgment and for general relief.

The suit was referred to a master. Material facts found by the master are described in the opinion. Neither party filed any exception to the report. Upon a hearing by *Sanderson, J.,* there were entered by his order an interlocutory decree confirming the report and a final decree dismissing the bill with costs. The plaintiff appealed.

*E. Greenhood,* for the plaintiff.

*S. D. Elmore,* for the defendants.

CROSBY, J. On April 29, 1919, the Indiana Flooring Company, one of the defendants in this suit, recovered a judgment against the plaintiff in the Superior Court for the county of Suffolk in the sum of $2,273.63 as damages and $26.87 as costs; on the same date the parties entered into a written agreement by which the flooring company agreed that execution should not issue on the

judgment for two months from the date of the agreement, and that, if, within the two months, "the said Gabe Rosen proves. his ability to carry through a compromise or composition with his creditors, that then in such event, the said Indiana Flooring Company will unite with the other creditors in such compromise or composition."

On June 25, 1919, Rosen presented to the defendant Elmore, who was the attorney of the other defendant, a paper purporting to be signed by all his creditors except those secured by mortgage, the defendant company, and the Reliable Cleaning Company. On the same date he made an affidavit that he had no other creditors than those whose names were attached to the agreement. of compromise except mortgage creditors, the defendant company, and the Reliable Cleaning Company (which latter claim he disputed), and that all his creditors, with the exceptions above referred to, had agreed in writing to a compromise of fifteen per cent of the indebtedness due from him to them. The plaintiff, within sixty days from the date of the agreement, offered the defendant Elmore as attorney for the defendant company fifteen per cent of the claim of the latter together with costs. amounting altogether to $367.91, which was refused. A tender of that amount was waived by Elmore. The defendants contend that the plaintiff has failed to prove "his ability to carry through a compromise or composition with his creditors" in accordance with the agreement, and has been guilty of fraud and false representations practised upon the defendants on account of which they are not bound by it. The case was referred to a master whose report has been confirmed and a final decree entered in the Superior Court dismissing the bill with costs to each defendant. The plaintiff appealed.

The plaintiff relies on the agreement and seeks specific performance thereof under the prayer in the bill for general relief. To entitle him to prevail he must prove to the defendant company his ability to carry through a compromise or composition with his creditors. The agreement properly construed means that he must effect a compromise with all his creditors, and not with some of them, or even with a majority of them. The master found that the United States Radiator Company had an action pending against the plaintiff on June 23 or 24, 1919; that his

property had been attached in that action and that he knew of the pendency of the suit; that a compromise was entered into and an assignment of the claim was made to one Bereshoff, a cousin of Rosen's former wife. Bereshoff testified that he paid the plaintiff's attorney in that action $185.20 or fifteen per cent of the amount of the claim. This debt did not appear on the list of Rosen's creditors attached to his affidavit, either as a claim of the radiator company or of Bereshoff. The master further found that he did not at any time disclose to the defendants the existence of this claim or of the pendency of the suit thereon or the assignment to Bereshoff; or that an attachment had been made and was in force when the agreement was entered into. There was evidence that the indebtedness of the plaintiff to the radiator company amounted to $1,234.12 and that it received in settlement from the plaintiff's attorney $359.67, which was twenty-five per cent of the claim; and that he also paid in settlement the disbursements and an attorney's fee of $50. Whatever the amount paid in settlement was, the fact remains that this claim was not included in the list submitted by the plaintiff and verified by his affidavit that all his creditors had joined in and assented to the compromise. The plaintiff testified that he did not know of the assignment to Bereshoff. If that is true, he knew the company had brought suit against him and had attached his property, and he did not disclose it; if he knew of the assignment, then he knew that the assignee had a claim against him which he did not disclose.

It is also found by the master that the Reliable Cleaning Company brought an action against the plaintiff, which is pending in the Superior Court, and attached his property, and that he gave a bond to dissolve the attachment. While the plaintiff contended that he was not liable on this claim, there was evidence that his attorney had agreed to settle it for the face of the bill with costs, and that that offer was refused. This was denied by the plaintiff. The master found that the plaintiff failed to disclose to the defendants that he had given a bond to dissolve the attachment in this action; his attempt to obtain the defendants' consent to the compromise under these circumstances cannot be said to prove to them his ability to carry through the compromise with all his creditors.

The schedule of creditors with whom the plaintiff claimed he had effected a compromise contained the name of Abraham Zion for $2,659.50. The master found that this claim was originally a debt due the Winchester Brick Company from the plaintiff and was purchased by Zion for $398.93, fifteen per cent of the amount of the claim; that the claim had been purchased at the request of the plaintiff, who agreed to repay Zion for the money paid by him, and afterwards did so. Under these circumstances, Zion as assignee of the brick company signed the compromise agreement submitted to the defendants' attorney which showed the amount of the claim to be $2,659.50 when in fact this claim had been compromised and settled by Zion, at the request of the plaintiff; and as the latter had repaid Zion, nothing was due either to the brick company or to the assignee. Several other creditors of the plaintiff with whom he made settlements are assignees of original creditors by assignments dated at various times between June, 1918, and June, 1919.

The master found that the plaintiff kept no books of account or records from which his true financial condition could be ascertained; that he kept deposits in several banks, but the amounts of such deposits or balances were not disclosed. The master states that he was unable to find upon the evidence the true financial condition of Rosen on April 29, 1919, or whether the offer of fifteen per cent in settlement of the claims of his creditors was a fair, reasonable, and just offer of compromise or not.

Upon the findings of the master and the reasonable inferences to be drawn therefrom, it cannot be ruled as matter of law that the plaintiff proved to the defendants, acting reasonably, his ability to compromise with all his creditors, or that he acted honestly and in good faith in his representations to the defendants. The final decree dismissing the bill with costs was warranted and the entry must be

*Decree affirmed with costs of the appeal.*